GEORGIA SOUTHERN & FLORIDA RY. CO. *v.* TIFTON PRODUCE CO.

ATKINSON, J. The Court of Appeals certified the following questions as necessary to a decision of the case: (1) "Where an interstate shipment of goods is transported on a through bill of lading issued by the initial carrier, and where loss is sustained by the shipper on account of the negligence of the last connecting carrier in failing to notify the purchaser of the arrival of the goods at the place of destination, and in failing to notify the shipper of their arrival and of their non-delivery to the purchaser, is the initial carrier liable for this negligence of its connecting carrier? See, in this connection, Southern Railway Co. *v.* Prescott, 240 U. S. 632 (36 Sup. Ct. 469, 60 L. ed. 836), and Cleveland &c. Ry. Co. *v.* Dettlebach, 239 U. S. 588 (36 Sup. Ct. 177, 60 L. ed. 453)."

(2) "If an affirmative answer is given to the preceding question, an answer is requested to the following question: The shipper (the Tifton Produce Company, of Tifton, Georgia) consigned a shipment of goods to itself at Philadelphia, Pa., and, after the delivery of the goods to the initial carrier and after receiving the bill of lading, contracted to sell the goods to Felix Spatola & Sons, of Philadelphia, Pa., and the shipper thereupon drew a draft upon the purchaser for the sum agreed upon, attaching thereto the bill of lading, and an order, signed by the shipper and addressed to the agent of the last connecting carrier (the Pennsylvania Railroad Company), instructing him to deliver the goods to the aforesaid purchaser. The shipper delivered the draft to its bank for collection, with instructions that upon payment of the draft the bill of lading and the order were to be delivered to the purchaser. At the same time the shipper instructed the agent of the Pennsylvania Railroad Company to notify the said purchaser whenever the shipment arrived at its destination, such instruction being given and received prior to such arrival of the shipment. The last connecting carrier failed to notify the purchaser as instructed, and, without notifying the shipper or asking its instructions, sold the goods and applied the proceeds to the partial payment of the freight charges, the amount of the proceeds being less than such charges. The shipper's draft, together with the bill of lading and the order aforesaid, was returned unpaid to the shipper. The bill of lading contained the following provision: 'Any alteration, addition, or erasure in this bill of lading which shall be made without an endorsement thereof hereon, signed by the agent of the carrier issuing this bill of lading, shall be without effect, and this bill of lading shall be enforceable according to its original issue.' There was no such endorsement on the bill of lading. Did the aforesaid order, instructing the last connecting carrier to deliver the shipment to the purchaser in Philadelphia, amount to an 'alteration' or

an 'addition' to the bill of lading, and, if so, did it relieve the initial carrier from the negligence of its last connecting carrier in failing to carry out the order of the shipper?" *Held:*

1. The first question assumes actionable negligence on the part of the last connecting carrier in failing to notify the consignee of the arrival of the goods and the consignor of their arrival and non-delivery, and asks whether the initial carrier is liable for the stated negligence of the last carrier. Construing the question as thus indicated, it is answered in the affirmative. *Fleshnar & Adar* v. *Southern Ry. Co.,* 160 *Ga.* 205 (126 S. E. 768).

2. The consignor's order, referred to in the second question, instructing the last carrier to deliver in Philadelphia the shipment to the purchaser, was mere authority to deliver the goods to the purchaser when he should become the lawful holder of the bill of lading, and did not amount to an "alteration" or an "addition" in the bill of lading which that instrument required to be endorsed on the bill of lading and signed by the initial carrier. Under the Federal statute regulating interstate carriers, as amended by the Carmack and Cummins amendments (4 Fed. Stat. Ann. 506), the "lawful holder" of the bill of lading would be entitled to demand the goods from the last carrier upon payment of all proper charges upon presentation of the bill of lading, without any express direction from the consignor to make delivery to such holder of the bill of lading.                          *All the Justices concur.*

No. 4708. APRIL 14, 1925.

Questions certified by Court of Appeals (Case No. 15753).

*J. E. Hall, C. J. Bloch* and *R. D. Smith,* for plaintiff in error. *Fulwood & Hargrett* and *J. S. Ridgdill,* contra.