15753. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY *v.* TIFTON PRODUCE COMPANY.

LUKE, J. The Tifton Produce Company brought suit in the superior court against the Georgia Southern & Florida Railway Company. A general demurrer was filed by the railway company to the petition as amended. The trial court overruled the demurrer, and the defendant excepted. The Supreme Court, in answer to certain questions certified by the Court of Appeals, held in substance as follows:

(*a*) Where an interstate shipment of goods is transported on a through bill of lading issued by the initial carrier, and where loss is sustained by the shipper on account of the negligence of the last connecting carrier in failing to notify the purchaser of the arrival of the goods at the place of destination, and in failing to notify the shipper of their arrival and of their nondelivery to the purchaser, the initial carrier is liable for this negligence of its connecting carrier. *Fleshnar* v. *Southern Ry. Co.,* decided April 14, 1925. 160 *Ga.* 205 (127 S. E. 768).

(*b*) The consignor's order in the present case, instructing the last carrier to deliver in Philadelphia the shipment to the purchaser, was mere authority to deliver the goods to the purchaser when he should become the lawful holder of the bill of lading, and did not amount to an "alteration" or an "addition" in the bill of lading which that instrument required to be endorsed on the bill of lading and signed by the initial carrier. Under the Federal statute regulating interstate carriers, as amended by the Carmack and Cummins amendments (4 Fed. Stat. Ann. 506), the "lawful holder" of the bill of lading would be entitled to demand the goods from the last carrier upon payment of all proper charges, on presentation of the bill of lading, without any express direction from the consignor to make delivery to such holder of the bill of lading. (See decision of Supreme Court, rendered April 14, 1925, 160 *Ga.* 205, 127 S. E. 771.)

In accordance with the above-stated rulings of the Supreme Court, this court holds that the judge of the superior court did not err in overruling the general demurrer to the petition as amended.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MAY 14, 1925. REHEARING DENIED JUNE 9, 1925.

Action for damages; from Tift superior court—Judge Eve. June 21, 1924.

Application for certiorari was denied by the Supreme Court.

*J. E. Hall, C. J. Bloch, R. D. Smith,* for plaintiff in error.

*Fulwood & Hargrett, J. S. Ridgdill,* contra.